# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PEYTON DESKEVICH,

      Plaintiff,

      v.

SPIRIT FABS, INC., VALLEY
DRAFTING, INC., FIRST QUALITY
TISSUE, LLC, and JACOBS
ENGINEERING GROUP, INC.,

      Defendants.

No. 4:20-CV-01387

(Judge Brann)

## MEMORANDUM OPINION

### DECEMBER 14, 2020

## I.    BACKGROUND

On August 6, 2020, Plaintiff Peyton Deskevich's personal injury action was removed to this Court.[1]  His case is predicated on this Court's diversity jurisdiction and is brought under Pennsylvania law.

Deskevich seeks to recover for injuries caused by a bolt-failure in a piece of sheeting girt that he had been sitting on while working on a construction project.[2]  He raises negligence, strict liability, misrepresentation, and breach of warranty

---

[1]   Doc. 1.  Deskevich commenced this case on May 14, 2020 by filing a Writ of Summons in the Court of Common Pleas of Clinton County.  *Id.*
[2]   Doc. 1-2.  A sheeting girt seems to be a flat piece of metal that sits horizontally between two posts or columns.  *See id.*  The sheeting girt is connected to these columns by bolts.  *Id.*

claims against four defendants.[3]  One of the named defendants is Jacobs Engineering Group, Inc. ("Jacobs"), who appears to be a design consultant that assisted in planning the construction project upon which Deskevich was working.[4] In total, Deskevich's complaint contains twenty-eight counts, seven against each defendant.[5]

On August 13, 2020, Jacobs filed a motion to dismiss the seven counts against it pursuant to Federal Rule of Civil Procedure 12(b)(6).[6]  Since filing this motion, Jacobs has narrowed its focus to dismissing only six counts, conceding that Deskevich has successfully stated a negligence claim.  The remaining six counts raise theories of strict liability, misrepresentation, and breach of warranty under Pennsylvania law.[7]

This motion is now ripe for disposition; for the reasons that follow, Jacobs's motion to dismiss is granted in part and denied in part.  The motion is denied as to the sole negligence claim against Jacobs, but is granted as to the remaining six counts.  These six counts are dismissed without prejudice, and Deskevich will be provided leave to amend the complaint.

---

[3]   The four named defendants are: Spirit Fabs, Inc., Valley Drafting, Inc., First Quality Tissue, LLC, and Jacobs Engineering Group, Inc.  *Id.*  Two other defendants that Deskevich initially named have since been voluntarily dismissed.  Doc. 25 (terminating First Quality Enterprises, Inc. and First Quality Products, Inc. as defendants).

[4]   Doc. 11.

[5]   *Id.*  The complaint initially raised forty-two counts.  But because two defendants have been voluntarily terminated, the fourteen counts raised against them are also effectively dismissed.

[6]   Doc. 10.

[7]   Doc. 1-2.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted."  A motion to dismiss "tests the legal sufficiency of a pleading"[8] and "streamlines litigation by dispensing with needless discovery and factfinding."[9]  "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[10]  This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[11]

Following the Roberts Court's "civil procedure revival,"[12] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[13] and *Ashcroft v. Iqbal*[14] tightened the standard that district courts must apply to 12(b)(6) motions.[15]  These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[16]

---

[8]   *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (citing *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).

[9]   *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).

[10]   *Id.* at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

[11]   *Id.* at 327.

[12]   Howard M. Wasserman, The Roberts Court and the Civil Procedure Revival, 31 Rev. Litig. 313, 316, 319-20 (2012).

[13]   550 U.S. 544 (2007).

[14]   556 U.S. 662, 678 (2009).

[15]   *Id.* at 670 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

[16]   *Id.* (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[19]  Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[20]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21]  No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[22]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the

---

[17]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[18]  *Id.*
[19]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).
[20]  *Twombly*, 550 U.S. at 556.
[21]  *Iqbal*, 556 U.S. at 679.
[22]  *Id.* at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

light most favorable to [the plaintiff]."[23]  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[24]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[25]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[26]

## III.   FACTS ALLEGED IN THE COMPLAINT

The facts alleged in the complaint, which I must accept as true for the purposes of this motion, are as follows.

On or about May 30, 2018, Deskevich was employed as an ironworker working on the "Boston 3 Project" in Lock Haven, Pennsylvania.[27]  At approximately 11:50 a.m., Deskevich was sitting on a piece of sheeting girt while

---

[23]  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[24]  *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[25]  *Iqbal*, 556 U.S. at 678.

[26]  *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

[27]  Doc. 1-2 at ¶ 8.  Deskevich refers to this as the "First Quality Tissue, Boston 3 Project."  *Id.* The Court assumes that this means that the Boston 3 Project was conducted on behalf of First Quality Tissue.

tightening the bolt connecting the girt to a column.[28]  This girt was connected to the column by only one bolt.[29]  While tightening the bolt, the bolt failed and Deskevich fell.[30]  He suffered numerous injuries, including crush damage, fractures, and nervous-system shock.[31]  He now seeks to recover for his damages against Defendants.

Curiously, the complaint contains virtually no level of factual detail regarding the Defendants or their role in Deskovich's injuries.  At the most general level, the complaint fails to provide any information about any of the Defendants beyond their formal names and business addresses.  Rather, without any elaboration, the complaint alleges that each Defendant, including Jacobs, is a manufacturer, designer, distributor or seller of the girt, and is thus liable for Deskevich's injuries.

Similarly, the complaint does not make any reference to the sheet girt that harmed Deskevich.  It does not state whether Jacobs, or any other Defendant, was responsible for creating that specific girt, or was the entity that purchased or installed the girt.  There is not a mention of where the girt came from, who made it, and why Deskevich was sitting on it.  Nor, for that matter, does the complaint even

---

[28]  *Id.* at ¶¶ 9-10.
[29]  *Id.* at ¶ 11.
[30]  *Id.* at ¶¶ 12-13.
[31]  *Id.* at ¶ 16.

attempt to state who was responsible for the project Deskevich was working on, who hired him, or who decided where to source sheet girts in the first place.

In sum, the only factual information provided by the complaint is that Jacobs is a corporation or legal entity with an office or place of business in Texas,[32] and that Deskevich was severely injured when the sheet girt he was sitting on collapsed.[33]  Accordingly, the Court will rely on these facts, and these facts alone, to determine whether Deskevich has pleaded plausible legal claims sufficient to survive a motion to dismiss.[34]

## IV.   DISCUSSION

Deskevich's complaint is so grossly deficient on its face that the Court cannot rule that it has stated any claim against any defendant.  In the federal system, the purpose of a complaint is to provide defendants fair notice of what the claims against them are and the grounds upon which they rest.[35]  But a complaint cannot do so when the only information it provides about a defendant is their name and place of business.  For the complaint to survive, Deskevich must provide *something* upon which he can base his theories; it is simply not enough to insert a defendant's name into a recitation of the elements of a claim.

---

[32]  *Id.* at ¶ 7.

[33]  *Id.* at ¶ 12.

[34]  The Court will not consider the complaint's legal conclusions regarding Jacobs's status as a manufacturer, designer, distributor, or seller.  *Iqbal*, 556 U.S. at 678 (internal citations omitted).

[35]  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

The counts Jacobs challenges[36] all require Deskevich to show, at some level, that Jacobs manufactured or sold the sheet girt that injured him.[37]  And yet, beyond making "bare bone" allegations that Jacobs is a seller under Pennsylvania law, Deskevich provides no information that might establish Jacobs actually sold the girt.  At the very least, one might expect Deskevich to discuss the type of business Jacobs operates, its relationship to the Boston 3 Project, and what role it had in purchasing or selling the specific girt at issue.  The federal rules are lenient, but even they require some level of specificity from a litigant.  As it stands, the complaint states no facts upon which *any* link or connection can be drawn between Jacobs and the allegedly defective girt.

"[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual predicate* concrete enough to warrant further proceedings, which may be costly and

---

[36]   Deskevich raises five strict liability claims against Jacobs, four under section 402A of the Restatement (Second) of Torts, and one under section 402B of the Restatement (Second) of Torts.  He also raises a breach of warranty claim.  Doc. 1-2 (Count XLI).  Deskevich's section 402A claims are for: (1) failure to meet the consumer expectation test (Count XXXVII); (2) design defect (Count XXXVIII); (3) inadequate safety warnings (Count XL); and (4) manufacturing defect (Count XLII).  Doc. 1-2.  Desekvich's section 402B claim is for misrepresentation.  *Id* (Count XXXIX).  The Court notes that the complaint identifies this misrepresentation claim as being brought under 402A.  However, as Jacobs correctly points out, there is no cause of action for misrepresentation under section 402A.  Accordingly, the Court considers this claim to be brought under section 402B.

[37]   *See Ettinger v. Triangle-Pac. Corp.*, 799 A.2d 95, 102 (Super. Ct. Pa. 2002) (stating the elements of a section 402A strict liability claim); *Knight v. Otis Elevator Co.*, 596 F.2d 84, 89 (3d Cir. 1979) (recognizing that a breach of warranty claim involves nearly identical elements as a strict liability claim); Restatement (Second) of Torts § 402A; Restatement (Second) of Torts § 402B (applying liability only to those "engaged in the business of selling chattels").

burdensome."[38]  Desekvich has wholly failed to meet his burden of establishing

such a predicate under the Federal Rules of Civil Procedure.  Accordingly,

Jacobs's motion to dismiss Counts XXXVII-XLII is granted.  Because Jacobs has

conceded its challenge to Count XXXVI, its motion to dismiss the count for

negligence is denied.[39]

## V.    CONCLUSION

Jacobs's motion to dismiss pursuant to Rule 12(b)(6) is granted in part and

denied in part.  Counts XXXVII-XLII are thus dismissed without prejudice, and

Deskevich is granted leave to amend.  "The Federal Rules of Civil Procedure do

not address the situation in which a deficiency in a complaint could be cured by

amendment but leave to amend is not sought."[40]  "Circuit case law, however, holds

that leave to amend must be given in this situation as well."[41]

---

[38]  *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan*, 712 F.3d 705, 719 (2d Cir. 2013) (quoting *DM Res., Inc. v. Coll. Of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999)) (internal quotation marks omitted).

[39]  In briefing, Jacobs conceded that Deskevich had stated a claim for professional negligence. Doc. 35 at 2-3.  The Court will thus not dismiss this count.  The Court notes, however, despite the limited focus of this opinion, that its analysis is more broadly applicable to the complaint as a whole.  Deskevich thus might take this reasoning to heart if he chooses to amend the pleadings.

[40]  *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997).  It is well settled in this circuit that leave to amend should be "freely granted."  *Id.*

[41]  *Id.*

Consequently, Plaintiff will be given fourteen days from today's date to file

an amended complaint.  If no amended complaint is filed, Counts XXXVII-XLII

will be summarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge