IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEYTON DESKEVICH, | No. 4:20-CV-01387 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SPIRIT FABS, INC. *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

MARCH 9, 2021

## I.  BACKGROUND

On August 6, 2020, Plaintiff Peyton Deskevich's personal-injury action was removed to this Court.[1] His complaint alleges numerous claims against four defendants: Spirit Fabs, Inc., Jacobs Engineering Group, Inc., First Quality Tissue, LLC, and Valley Drafting, Inc.[2] In September 2020, West Bend Mutual Insurance Company ("West Bend"), Valley Drafting's insurer, filed a motion to intervene.[3] West Bend seeks to intervene to address whether Deskevich's claims against Valley Drafting are covered under Valley Drafting's policy with West Bend.

This motion is now ripe for disposition; for the foregoing reasons, West Bend's motion to intervene is denied.

---

[1] Doc. 1.
[2] Doc. 72.
[3] Doc. 30.

## II.   DISCUSSION

Pursuant to the Federal Rules of Civil Procedure, a party may intervene as of right under Rule 24(a) or with the district court's permission under Rule 24(b).[4] West Bend argues that it is entitled to intervene as of right, and, in the alternative, that it should be permitted to intervene under Rule 24(b).  Because the Court finds intervention inappropriate on both bases, West Bend's motion to intervene is denied.

### A.   Intervention as of Right

An applicant seeking intervention as of right must satisfy four elements: (1) "timely application for leave to intervene"; (2) "a sufficient interest in the litigation"; (3) "a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action"; and (4) "inadequate representation of the prospective intervenor's interest by existing parties to the litigation."[5]  Each requirement must be met to establish intervention as of right.[6]

The primary dispute in this case is whether West Bend satisfies the second criteria of having a "sufficient interest" in the present litigation.  "There is no precise and authoritative definition of the interest required to sustain a right to

---

[4]   Fed. R. Civ. P. 24(a), (b).
[5]   *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (citations omitted).
[6]   *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (citing *Harris v. Pernsley*, 8320 F.2d 592, 596 (3d Cir. 1987)).

intervene" under Rule 24.[7]  "In general, a mere economic interest in the outcome of the litigation is insufficient."[8]  Rather, a prospective intervenor must demonstrate "an interest relating to the property or transaction which is the subject of the action."[9]

Importantly, an intervenor's interest must be "'direct,' as opposed to contingent or remote."[10]  For example, an insurer who acknowledges a claim is covered has a financial stake in minimizing its insured's liability; this interest is direct and thus sufficient because the insurer will be certainly held liable if a judgment is entered against its insured.[11]  That the insurer's liability is ultimately contingent upon the insured's is not enough to make the insurer's interest too remote for purposes of intervention.  In these circumstances, intervention as of right is generally appropriate.

In contrast, several courts have denied motions for intervention as of right where the insurer contests coverage.  These courts have so held on the basis that

---

[7] *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989); *see also Harris v. Reeves*, 946 F.2d 214, 219 (3d Cir. 1991) ("We noted [in a previous decision] that an exact definition of the kind of interest justifying intervention remained elusive . . . ." (quoting *Harris v. Pernsley*, 820 F.2d 592, 596-97 (3d Cir. 1987))).

[8] *Mountain Top*, 72 F.3d at 318-19 (first citing *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1185 (3d Cir. 1994); and then citing *New Orleans Pub. Serv. v. United Gas Pipe Line CO.*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc)).

[9] *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (internal quotation marks omitted) (quoting *Mountain Top*, 72 F.3d at 366).

[10] *Harris v. Pernsley*, 820 F.2d 492, 496 (3d Cir. 1987) (citations omitted).

[11] *See Dingwell*, 884 F.2d 638 ("There can be no dispute that an insurer has a direct interest in a lawsuit brought by an injured party against its insured when the insurer admits that the claim is covered by the policy in question.").

the need to determine coverage makes the insurer's interest too remote[12]; in such a situation, the insurer's interest becomes contingent upon both the entry of judgment, *and* a determination of coverage.[13]  When both contingencies are present, the general rule is to deny intervention as of right.[14]

Though this rule has not been formally adopted in this Circuit, the Court finds it both persuasive and directly applicable to this case.[15]  West Bend's interest in the present litigation is contingent upon both an entry of judgment and a determination regarding coverage.  Because both questions have yet to be resolved, the Court finds, at least at this stage, that West Bend has not established a sufficient interest under Rule 24(a).

---

[12]  *E.g.*, *Dingwell*, 884 F.2d at 638 ("When the insurer offers to defend the insured but reserves the right to deny coverage . . . the insurer's interest in the liability phase of the proceedings is contingent on the resolution of the coverage issue." (citations omitted)).

[13]  Another supporting rationale is that "[a]llowing the insurer to intervene to protect its contingent interest would allow it to interfere with and in effect control the defense.  Such intervention would unfairly restrict the insured, who faces the very real risk of an uninsured liability, and grant the insurer 'a double bite at escaping liability.'"  *Dingwell*, 884 F.2d at 639 (citations omitted).

[14]  *E.g.*, *CE Design Ltd. v. King Supply Co.*, 791 F.3d 722, 726-27 (7th Cir. 2015); *Dingwell*, 884 F.2d at 639; *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 875 (2d Cir. 1984); *Community Vocational Schs. Of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, 2017 WL 1376298, at *7 (W.D. Pa. April 17, 2017) (first citing *Janvey v. Hamric*, 2015 WL 11120300, at *2 (N.D. Tex. Aug. 11, 2015); then citing *Lewis v. Excel Mch., LLC*, 2013 WL 3762904, at *2 (D.S.C. July 16, 2013); and then citing *Shorb by Shorb v. Airco, Inc.*, 1985 WL 5954, at *2 (E.D. Pa. June 21, 1985)); *Carey v. City of Wilkes-Barre*, 2008 WL 11492790, at *2 (M.D. Pa. Nov. 10, 2008); *cf. Ross v. Marshall*, 426 F.3d 745, 759 (5th Cir. 2005) (finding intervention as of right appropriate where judgment had been entered against the insured but coverage had yet to be determined).

[15]  The Court notes this rule is consistent with the decision of *Liberty Mutual Insurance Co. v. Treesdale, Inc.*, where the United States Court of Appeals for the Third Circuit denied personal-injury plaintiffs motion to intervene as of right in an insurance coverage declaratory judgment action between the insured and its insurer.  419 F.3d 216, 228 (3d Cir. 2005) (describing the plaintiff's interests as contingent).

### B. Permissive Intervention

The Court also declines to permit West Bend's intervention under Rule 24(b). Permissive is appropriate where "an applicant's claim or defense and the main action have a question of law or fact in common."[16] "In deciding whether to permit intervention under Rule 24(b), 'courts consider whether the proposed intervenors will add anything to the litigation.'"[17]

It is not evident to the Court what West Bend's presence would add to this litigation. The purpose of this case is to determine whether the defendants are liable for Deskevich's injuries, not to decide questions of Valley Drafting's insurance coverage.[18] It seems to the Court that permitting West Bend to intervene solely to show why it should be *removed* from the case would serve only to distract from the primary issues at hand. Moreover, it is clear that an adequate forum in Wisconsin exists should West Bend seek to pursue its coverage dispute there. Finally, the Court notes that, even if permission to intervene was granted, subject-matter jurisdiction may subsequently be found lacking.[19]

---

[16] Fed. R. Civ. P. 24(b).

[17] *Am. Farm Bureau Fed'n v. U.S. Env't Prot. Agency*, 278 F.R.D. 98, 111 (M.D. Pa. 2011) (quoting *Kitzmiller v. Dover Area Sch. Dist.*, 229 F.R.D. 463, 471 (M.D. Pa. 2005)).

[18] *See also Treesdale*, 419 F.3d at 228 ("Where a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, he/she can not accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries [the insured defendant] may have caused.").

[19] "It is settled that 'if the intervention is a permissive one the claim must be supported by independent jurisdictional grounds.'" *Beach v. KDI Corp.*, 490 F.2d 1312, 1319-20 (3d Cir. 1974) (quoting *Babcock v. Wilcox Co. v. Parsons Corp.*, 430 F.2d 531, 540 (8th Cir. 1970)). Given that both West Bend and Valley Drafting are Wisconsin-based entities and their

## III. CONCLUSION

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

coverage dispute does not implicate federal law, it is not clear whether subject-matter jurisdiction would even exist.