IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEYTON DESKEVICH, | No. 4:20-CV-01387 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SPIRIT FABS, INC., *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

JUNE 4, 2021

On July 2, 2020, Plaintiff Peyton Deskevich filed a 42-count complaint against Defendants Spirit Fabs, Inc., Valley Drafting, Inc., First Quality Enterprises, Inc., First Quality Products, Inc., First Quality Tissue, Inc., and Jacobs Engineering Group, Inc.[1] Following a number of motions to dismiss, this Court dismissed Counts XXXVII-XLII against Jacobs without prejudice.[2] Deskevich filed an amended complaint on December 23, 2020.[3] Deskevich then filed a second amended complaint on February 2, 2021.[4] Jacobs now seeks to dismiss Counts XVII-XXII.[5]

---

[1] Doc. 1-2.
[2] Doc. 52.
[3] Doc. 53.
[4] Doc. 72. The remaining defendants are Spirit Fabs, Valley Drafting, First Quality Tissue, LLC, and Jacobs.
[5] Doc. 75.

Jacobs's motion to dismiss is now ripe for disposition; for the following reasons, it is granted.

I. **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted."  A motion to dismiss "tests the legal sufficiency of a pleading"[6] and "streamlines litigation by dispensing with needless discovery and factfinding."[7]  "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[8]  This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[9]

Following the Roberts Court's "civil procedure revival,"[10] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[11] and *Ashcroft v. Iqbal*[12] tightened the standard that district courts must apply to 12(b)(6) motions.[13]  These

---

[6] *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (citing *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).
[7] *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).
[8] *Id.* at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).
[9] *Id.* at 327.
[10] Howard M. Wasserman, The Roberts Court and the Civil Procedure Revival, 31 Rev. Litig. 313, 316, 319-20 (2012).
[11] 550 U.S. 544 (2007).
[12] 556 U.S. 662, 678 (2009).
[13] *Id.* at 670 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[14]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[17] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[18]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

---

[14] *Id.* (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").
[15] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[16] *Id.*
[17] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).
[18] *Twombly*, 550 U.S. at 556.
[19] *Iqbal*, 556 U.S. at 679.

possibility and plausibility of entitlement to relief.'"[20]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[21] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[22] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[23]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[24]

## II. FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT

Deskevich is a union ironworker and member of Local Union #3, headquartered in Pittsburgh, Pennsylvania.[25] As a member of that union,

---

[20] *Id.* at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).
[21] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[22] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[23] *Iqbal*, 556 U.S. at 678.
[24] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).
[25] Doc. 72 at ¶ 6.

Deskevich was hired by Somerset Steel Erection Company, Inc., an industrial contractor, to work on First Quality Tissue's "Boston 3 Project," a building in Lock Haven, Pennsylvania.[26] While working on this project, Deskevich helped to assemble the building by installing a product known as a sheeting girt.[27] A sheeting girt is a horizontal metal sheet that provides lateral support to a building.[28] The sheeting girt in this case was bolted to two columns.[29]

While Deskevich was sitting on a sheeting girt tightening one of its bolts, the girt fell and Deskevich was seriously injured.[30] Deskevich now claims that Defendants are liable for his injuries. Against Jacobs, Deskevich asserts claims for negligence, strict liability, and breach of warranty. Deskevich alleges that Jacobs, an engineering company responsible for the Boston 3 Project, designed the subject girt, or purchased or sold it for use in the building.[31] Deskevich also asserts that Jacobs is responsible for designing the Boston 3 Project and therefore approved use of the girt in the building's construction. Deskevich does not allege that Jacobs regularly engages in the business of purchasing or selling sheet girts.

---

[26] *Id.* at ¶¶ 7-8.
[27] *Id.* at ¶ 9.
[28] *Id.* at ¶ 10.
[29] *Id.*
[30] *Id.* at ¶¶ 14, 30-33.
[31] *Id.* at ¶ 26.

## III. DISCUSSION

### A. Strict Liability

Jacobs first seeks to dismiss Deskevich's four strict-liability claims on the basis that Jacobs neither is a "seller" nor sold a "product" to a "consumer" as those terms are defined under Pennsylvania law. The Restatement (Second) of Torts § 402A imposes liability only upon those who (1) are sellers (2) of products (3) that are expected to and do reach a "user or consumer" without substantial change.[32] Jacobs argues that none of these three elements are plausibly established by allegations in the second amended complaint.

The Court agrees because the second amended complaint does not allege facts showing that Jacobs was a seller within the meaning of section 402A. "The Pennsylvania Supreme Court has held 'that the term "seller," as used in [section] 402A, is used generically to include all suppliers of products who, *because they are engaged in the business of selling or supplying a product*, may be said to have "undertaken and assumed a special responsibility" toward the consuming public and who are in a position to spread the risk of defective products.'"[33] Accordingly,

---

[32] *See Francioni v. Gibsonia Truck Corp.*, 372 A.3d 736, 738 (Pa. 1977) ("By the adoption of Section 402A, that responsibility was placed on those who, through manufacturing and distribution, intend that products 'reach the market.'" (citations omitted)).

[33] *Thorpe v. Bollinger Sports, LLC*, 2015 WL 5299614, at *2 (E.D. Pa. Sept. 9, 2015) (emphasis in original) (quoting *Gavula v. ABA Servs., Inc.*, 756 A.2d 17, 20 (Pa. Super. 2000)).

"[a]n entity that is not engaged in the distribution or marketing, *i.e.*, the chain of distribution, of a product to the public is not subject to strict liability."[34]

But Deskevich does not allege that Jacobs was engaged in the distribution or marketing, or the business of selling or supplying, sheet girts. Rather, the complaint alleges, at most, only that Jacobs may have purchased or sold the subject girt for use in the Boston 3 Project. This alone, even presumed true, is insufficient to state claim for strict liability because it does not establish that Jacobs was a seller within the meaning of section 402A. Given that this deficiency forecloses all of Deskevich's strict-liability claims, the Court declines to address at length Jacobs's arguments that the girt is not a product and that Deskevich was not a "consumer."[35] As a result, Jacobs's motion to dismiss Counts XVII, XVIII, XX, and XXII is granted.

### B. Misrepresentation

Jacobs next seeks to dismiss Deskevich's claim that Jacobs made material misrepresentations regarding the girt. The Restatement (Second) of Torts § 402B provides for strict liability of "[o]ne engaged in the business of selling chattels

---

[34] *Id.* (citations omitted).
[35] The Court finds Jacobs's contentions on these points persuasive because the girt was used as a component in a building, which is not a product, and because Deskevich did not "consume" or "purchase" the girt. *Abdul-Warith v. Arthur G. McKee & Co.*, 488 F. Supp. 306, 312 (E.D. Pa. 1980) ("As real property, in contradistinction to a chattel or piece of equipment, [a] silo would be beyond the purview of section 402A."); *D'Antonio v. FMC Techs., Inc.*, 2016 WL 7324151, at *2 (W.D. Pa. Sept. 30, 2016) (finding that "it would be a stretch" to hold that a plaintiff loading a product onto a truck to be transported to a consumer is himself an end-user or consumer of the product).

who, by advertising, labels, or otherwise, makes to the public a misrepresentation of a material fact concerning the character or quality of a chattel sold by him." The Court concludes that the second amended complaint fails to state a claim under section 402B for the same reason it did under section 402A: because it does not allege specific facts establishing that Jacobs is engaged in the business of selling girts. Accordingly, Jacobs's motion to dismiss Count XIX is granted.

### C. Breach of Warranty

Finally, Jacobs seeks to dismiss Count XXI for breach of warranty. To succeed on a claim for breach of warranty under the Uniform Commercial Code, a plaintiff must show that a merchant who sells goods breached the implied warranty of merchantability.[36] For the reasons discussed above, Deskevich has not pled facts establishing that Jacobs is a merchant engaged in the business of selling sheet girts. Jacobs's motion to dismiss Count XXI is therefore granted.

## IV. CONCLUSION

Jacobs's Motion to Dismiss pursuant to Rule 12(b)(6) is granted. Leave to amend is denied. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."[37] Leave to amend may also be denied for "repeated failures to cure the deficiency by amendments previously allowed."[38] The Court first warned Deskevich of the

---

[36] 13 Pa. C.S. § 2314(a).
[37] *Burlington*, 114 F.3d at 1434.
[38] *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993).

deficiencies of his claims against Jacobs when it dismissed his original complaint. Deskevich is now on his second amended complaint and has yet to state a strict-liability claim against Jacobs. Consequently, the Court concludes that denial of leave to amend is proper.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge